**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GANG TIAN,<br><br>        Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>        Respondent. | No. 08-70564<br><br>Agency No. A075-624-517<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 20, 2011[**]

Before:     RYMER, THOMAS, and PAEZ, Circuit Judges.

Gang Tian, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and relief under the Convention Against Torture ("CAT"). We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252.  We review for substantial evidence, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir. 2001), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination because Tian's testimony about his duties and activities as a police officer was materially inconsistent with his declaration.  *See Kohli v. Gonzales*, 473 F.3d 1061, 1071 (9th Cir. 2007).  In the absence of credible testimony, Tian failed to establish eligibility for asylum or withholding of removal.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Tian's contention that the IJ failed to address his CAT claim is not supported by the record.  Because Tian's CAT claim is based on the same evidence the agency found not credible and he points to no further evidence to show it is more likely than not he would be tortured if returned to China, his CAT claim fails.  *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**

08-70564